UNITED STATES DISTRICT COURT
                                    CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON-SAMUEL JAMES-SINGLETON PERKINS,<br><br>        Petitioner,<br><br>    v.<br><br>D. BAUSHMAN, Warden,<br><br>        Respondent. | Case No. ED CV 17-1781-JVS (SP)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR FAILURE TO PROSECUTE |

## I.

## **<u>INTRODUCTION</u>**

On September 1, 2017, petitioner DeVon-Samuel James-Singleton Perkins, a California state prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition"). The Petition challenges petitioner's August 4, 2014 robbery convictions in Riverside County Superior Court on two grounds of ineffective assistance of counsel.

Petitioner also has another habeas petition pending in this Court, in case

1

number CV 17-2776-JVS (SP). The Court stayed that case on August 7, 2017, to allow petitioner time to exhaust his state remedies on ground two in that case, an ineffective assistance claim duplicative of one of the claims petitioner raises in the instant Petition. As the instant Petition is captioned "Riverside Superior Court," it appears petitioner intended to file the instant Petition in the Superior Court to begin the process of exhausting his state court remedies on his claims in case number CV 17-2776.

On September 11, 2017, this Court, having screened the instant Petition, found the Petition subject to dismissal for the following reasons: (1) the Petition was not submitted on this Court's approved form (that is, form CV-69) as required by Local Rule 83-16 and therefore did not contain all the information called for by that form; (2) the Petition's caption area named the court in which petitioner was filing the Petition as the "Riverside Superior Court," not this federal court; (3) if petitioner intended to file the instant Petition in this Court, he would be raising a claim duplicative of a pending claim that must be dismissed under 28 U.S.C. § 2244(b)(1); and (4) it was not clear from the Petition that petitioner had exhausted the claims he sought to bring here in the state courts.

The Court gave petitioner leave to file a First Amended Petition by October 11, 2017, if he still desired to pursue this action. The Court warned petitioner that failure to timely file a First Amended Petition by the October 11, 2017 deadline could result in dismissal of this action without prejudice for failure to prosecute.

Petitioner failed to file a First Amended Petition, or make any other communication with the Court, by the October 11, 2017 deadline. But on October 17, 2017, petitioner submitted a Notice of Dismissal in which petitioner appeared to seek dismissal of a cross-claim. The document was not filed, but was instead rejected by the Court and returned to petitioner because there is no cross-claim in

this action.

After waiting more than another month for some further response from petitioner but receiving none, on November 30, 2017, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to prosecute. The Court ordered petitioner to show cause, on or before December 21, 2017, why this action should not be dismissed for failure to prosecute and/or comply with a Court order. The Court also advised petitioner that the OSC would be discharged if he filed a First Amended Petition by December 21, 2017. Petitioner was warned in the OSC that failure to timely file and serve a response as directed would be deemed by the Court as consent to the dismissal of his petition and this action.

On December 18, 2017, petitioner filed what purports to be a response to the Court's OSC in this case, but also to an OSC issued in case number CV 17-2776 regarding his failure to file a status report in that case. In his response, he stated he had sent a status report on October 11, 2010 [sic] and indicated he was still in the process of exhausting his state remedies. As such, this response appears to address only the Court's OSC in case number CV 17-2776. Petitioner's December 18, 2017 response did not address his failure to file a First Amended Petition in this case or any of the deficiencies in the Petition noted in the Court's September 11, 2017 Order. Petitioner filed an additional status report in this case and case number CV 17-2776 on January 4, 2018, but it again addressed only his ongoing efforts to exhaust his state remedies, not this case.

It therefore appears petitioner only mistakenly filed the instant Petition in this Court, and has no intention of filing a First Amended Petition in this case. Petitioner has failed to address the deficiencies in the instant Petition and failed to prosecute this action, in contravention of the Court's orders. As such, this action

will be dismissed without prejudice.

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a party's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, the Court dismissed the Petition with leave to amend on September 11, 2017, and informed petitioner that his Petition was subject to dismissal because it was not submitted on the Court's approved form, it appeared it was intended to be filed in a different court, it had an improperly duplicative claim, and it appeared unexhausted. Petitioner failed to file a First Amended Petition by

4

the October 11, 2017 deadline.  On November 30, 2017, petitioner was ordered to show cause why his Petition should not be dismissed for failure to prosecute. Petitioner filed purported responses on December 18, 2017 and January 4, 2018, but only addressed the Court's OSC in his other habeas case, case number CV 17-2776. He therefore failed to respond to the OSC in the instant case as ordered.  Petitioner was warned in both the Court's September 11, 2017 Order and the Court's November 30, 2017 OSC that his failure to respond as directed may result in dismissal of this action without prejudice, but he failed to heed those warnings. Petitioner's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing petitioner to control the pace of the docket rather than the Court.  *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").  Petitioner's conduct indicates that he does not intend to litigate this action diligently, or at all.  Thus, the first and second factors weigh in favor of dismissal.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

      A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted here.  Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal.  *See Yourish*, 191 F.3d at 991-92.  Here, while petitioner addressed his missing status report in case number CV 17-2776, he does not offer an excuse for his failure to adequately respond to the Court's orders in the instant case.  Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's or petitioner's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond as ordered to the Court's September 11, 2017 Order or the Court's November 30, 2017 OSC, petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders or move the case forward. This is particularly true here where the Petition is partially duplicative of another pending petition and appears to have been mistakenly filed.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). Warning the petitioner that failure to obey a court order will result in dismissal "can itself suffice to meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001).

The Court attempted to avoid dismissal by: (1) issuing the September 11, 2017 Order dismissing the Petition with leave to amend, providing petitioner an opportunity to file a First Amended Petition, and warning petitioner that failure to do so may result in dismissal; (2) after petitioner failed to respond as ordered by the deadline, issuing an OSC on November 30, 2017 giving petitioner another three weeks to file a First Amended Petition or explain his failure to do so, and again

cautioning petitioner that failure to timely respond may result in dismissal; and (3) waiting a month after the OSC response deadline to issue this Order. In addition, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, and because the Court warned petitioner of the consequences of his failure to respond, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the Petition without prejudice is warranted for failure to prosecute and to obey Court orders.

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered summarily dismissing the Petition and this action without prejudice.

DATED: January 19, 2018

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE